UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>CEDRICK SWINSON,<br><br>Defendant. | 23 Cr. 647 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

Defendant Cedrick Swinson, who is proceeding *pro se* with standby counsel in this criminal matter, filed two documents that were docketed by the Clerk of Court on May 26, 2026.  In the first filing, which he styles as a Counterclaim, Mr. Swinson argues that the prosecutors assigned to this case, along with this Court, violated a host of civil statutes, as well as certain provisions of the U.S. Constitution and, further, that the Court lacks jurisdiction to hear the case.  (Dkt. #47).  The second document is styled as a Combined Pretrial Motion and Civil Pleading for Declaratory and Injunctive Relief.  (Dkt. #48).  In the first half of that motion, Mr. Swinson moves to dismiss the indictment in this case (the "Indictment") on several bases, including claims of (i) a general failure to allege the elements of a wire fraud offense and a specific failure to allege the interstate nexus requirement; (ii) vindictive or selective prosecution; (iii) statute of limitations issues; and (iv) alleged due process violations.  Mr. Swinson also claims that his current pretrial release conditions amount to "compelled servitude in violation of the Thirteenth Amendment and 18 [U.S.C.] § 1581."  (*Id.* at 8).  In the second half of his submission, Mr. Swinson seeks a declaratory judgment that his

constitutional rights have been violated by the instant prosecution, as well as prospective injunctive relief in the form of pre-deprivation notice and hearings.

The Court construes the two submissions liberally, in light of Mr. Swinson's *pro se* status. *See generally Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). Even with such solicitude, the Court must dismiss Mr. Swinson's Counterclaim as frivolous. Mr. Swinson invokes a host of irrelevant legal statutes and principles, including references to trust and real estate law. (*See* Dkt. #47). More troubling to the Court is that many of Mr. Swinson's arguments in his Counterclaim appear to be taken from the "sovereign citizen" movement, which has been described by the United States Court of Appeals for the Second Circuit as "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States* v. *Ulloa*, 511 F. App'x 105, 107 n.1 (2d Cir. 2013) (summary order); *see also Barton* v. *Clark*, No. 23 Civ. 5827 (LGS), 2023 WL 6929178, at *6 (S.D.N.Y. Oct. 19, 2023) ("The FBI has labeled the sovereign citizens a domestic terrorist group." (citing *Ulloa*, 511 F. App'x at 106 n.1)).

The Court cautions Mr. Swinson that federal courts, both in the Second Circuit and across the country, have uniformly rejected arguments like those made by Mr. Swinson in his Counterclaim as frivolous. *See, e.g., United States* v. *Thompson*, 143 F.4th 169, 183 n.5 (2d Cir. 2025) (rejecting sovereign-citizen-based challenge to the jurisdiction of federal courts to hear federal criminal cases); *United States* v. *McLaughlin*, 949 F.3d 780, 781 (2d Cir. 2019) (per

curiam) (same); *United States* v. *Herbert*, No. 22 Cr. 141S(1) (WMS), 2024 WL 2972043, at *3 (W.D.N.Y. June 13, 2024) ("This Court reiterates to Defendant Herbert that the sovereign-citizen type theories and ideology that she continues to rely on are frivolous, irrational, unintelligible, and ungrounded in American law." (collecting cases)); *Thompson* v. *Donald J. Trump, Inc., USA*, No. 23 Civ. 2025 (LTS), 2023 WL 3948906, at *3 (S.D.N.Y. June 12, 2023) ("These pseudo-legal theories have been consistently rejected by federal courts as frivolous." (citing Muhammad v. Smith, No. 13 Civ. 760 (MAD), 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources.").  None of these theories will aid Mr. Swinson at his upcoming trial, and the Court will permit none of them to be presented to the jury.  Instead, echoing other courts in this Circuit, this Court "strongly encourages [Mr. Swinson] to turn [his] focus to meaningful case assessment and trial preparation."  *Herbert*, 2024 WL 2972043, at *3.

Turning next to Mr. Swinson's second filing, the Court dismisses as frivolous his Civil Pleading for Declaratory and Injunctive Relief, which is a procedurally improper response to an indictment.  (Dkt. #48).  *Cf. United States* v. *Buczek*, No. 09 Cr. 121S (WMS), 2010 WL 742195, at *1 (W.D.N.Y. Feb. 26, 2010) (rejecting counterclaim that sought dismissal of indictment).  That leaves Mr. Swinson's Motion to Dismiss the Indictment.  As an initial matter, the Court did not understand from its previous pretrial conferences that Mr. Swinson intended to file a motion pursuant to Federal Rule of Criminal

Procedure 12; the Court would have appreciated greater clarity from the defense on this point before scheduling a trial in this matter. However, again given Mr. Swinson's *pro se* status, the Court will consider the motion. To the extent the Government wishes to respond to any or all of Mr. Swinson's arguments for dismissal of the Indictment, the Court ORDERS that the opposition be filed on or before **June 12, 2026**. After receiving the Government's submission, the Court will determine whether any further briefing is warranted.

The Clerk of Court is directed to mail a copy of this Order to Mr. Swinson at his address of record.

SO ORDERED.

Dated:    May 26, 2026
          New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge